IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY WAYNE BECKETT | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-211 |
| JEFFERSON COUNTY CORRECTIONAL FACILITY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ricky Wayne Beckett, an inmate formerly confined at the Jefferson County Correctional Facility, proceeding *pro se* and *in forma pauperis*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against the Jefferson County Correctional Facility and Zena Stephens, the Sheriff of Jefferson County, Texas.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff alleges the Defendants violated his right of access to the courts. Plaintiff claims the Kiosk system employed at the Jefferson County Correctional Facility is not a sufficient law library system in order to provide prisoners with constitutional access to the courts because it is consistently disrupted by the daily operations at the jail.

Analysis

*Jural Authority*

Plaintiff has named the Jefferson County Correctional Facility as a Defendant in this action. A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The capacity of an entity to sue or to be sued is "determined by the law of the state where the district court is located." FED. R. CIV. P. 17(b). Unless

the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Darby*, 939 F.2d at 313; *Howe v. Polunsky Unit*, No. 9:08cv142, 2010 WL 5640804 at *9 (E.D. Tex. Nov. 30, 2010), *R&R adopted*, No. 9:08cv142, 2011 WL 245566 (E.D. Tex. Jan. 22, 2011) (holding the Polunsky Unit of the TDCJ has no independent legal existence and cannot be sued in its own name); *Pantoja v. Dallas County Jail*, No. 3:01cv1620, 2001 WL 1343437 (N.D. Tex. Oct. 31, 2001) (concluding neither the Dallas County Jail, nor its medical staff and medical department are separate legal entities subject to suit).

The Plaintiff has the burden of showing that the unit or department has the capacity to be sued. *Darby*, 939 F.2d at 314. Plaintiff, however, has failed to allege or demonstrate that the Defendant in this action is a separate legal entity having jural authority with the capacity to be sued. Accordingly, Plaintiff's claims against the Jefferson County Correctional Facility should be dismissed for failing to state a claim upon which relief may be granted. Further, as set forth below, even if Plaintiff's claims are liberally interpreted as being asserted against Jefferson County, the claims are without merit.

*Access to the Courts*

Prisoners have a constitutional right of access to the courts protected by the First Amendment right to petition for redress of grievances and the Fourteenth Amendment guarantees of procedural and substantive due process. *Bounds v. Smith*, 430 U.S. 817 (1977); *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986). "This right of access for prisoners is not unlimited, however; rather it encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996)).

To establish a violation of the right to access to the courts, a prisoner must show that the conditions at the facility failed to provide him with a reasonable opportunity to research his claim and failed to assist him in preparing meaningful legal papers. *Bounds*, 430 U.S. at 828.

Additionally, prisoners must demonstrate actual injury in order to show that their right of access to the courts was denied. *See Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996).

Here, after a review of Plaintiff's Complaint, the undersigned determined it was appropriate for Plaintiff to submit an Amended Complaint containing a more detailed factual discussion explaining his basis of recovery. A review of the Complaint, along with the Amended Complaint filed pursuant to the Order, reveals that Plaintiff had appointed counsel of record, Joel Vasquez, for his criminal proceedings. Further, Plaintiff has failed to allege he missed any deadlines or had any civil actions dismissed as a result of the alleged denial of adequate access to the law library. Finally, Plaintiff has failed to allege or demonstrate he was pursuing nonfrivolous legal claims challenging his convictions or conditions of confinement.

The Fifth Circuit has held that even if a defendant rejects the assistance of court-appointed counsel, he has no constitutional right to access a law library in preparing a *pro se* defense of his criminal trial. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996); *see also Caraballo v. Fed. Bureau of Prisons*, No. 04-30965, 124 F. App'x 284, 285 (5th Cir. 2005) (holding that because the plaintiff had court-appointed counsel, he had no constitutional right of access to the law library to help prepare his defense). As Plaintiff had court-appointed counsel for his criminal proceedings and has failed to allege he missed any deadlines or had any civil cases dismissed as a result of the alleged inadequate access to the law library while confined at the Jefferson County Correctional Facility, Plaintiff has failed to allege or demonstrate an actual injury. Further, Plaintiff has failed to allege or demonstrate he was pursuing nonfrivolous legal claims challenging his convictions or conditions of confinement. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

<u>Recommendation</u>

Plaintiff's Complaint should be dismissed for failing to state a claim upon which relief may be granted.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 21st day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE